## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SONYA GIDDINGS,
          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
PH-1221-15-0411-W-1

DATE: August 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Sonya Giddings, Philadelphia, Pennsylvania, pro se.

Donald W. Taylor and Lauren Russo, Esquire, Philadelphia, Pennsylvania,
   for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant applied for a GS-7 Veterans Service Representative position. On August 12, 2014, the appellant filed a complaint with the agency's Office of Inspector General (OIG) alleging that the agency's Philadelphia Regional Office's Human Resources (HR) office was mishandling her application because she had been informed that her name was not on the certificate of eligibles. On that same day, an employee of the HR office, C.M., became aware of the appellant's OIG complaint. Subsequently, the agency placed the appellant's name on the certificate of eligibles, and on September 18, 2014, the agency interviewed the appellant for the position.

¶3 On September 26, 2014, the Philadelphia Regional Office instructed agency personnel to make job offers for the Veterans Service Representative position. The appellant was not selected to receive an offer. The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that her nonselection was retaliation for filing the OIG complaint. The appellant filed this individual right of action (IRA) appeal after OSC closed its investigation. Initial Appeal File (IAF), Tab 1.

¶4 Because the appellant declined a hearing, IAF, Tab 31, the administrative judge issued an initial decision based on the written record, IAF, Tab 34, Initial

Decision (ID). He found that the appellant established that she engaged in activity protected under the Whistleblower Protection Enhancement Act (WPEA) by filing the OIG complaint. ID at 6. He also found the appellant established through the knowledge/timing test that the protected activity was a contributing factor to her nonselection by showing that C.M. was involved in processing the appellant's application, had knowledge of the appellant's OIG complaint, and the nonselection was made shortly after the appellant filed the complaint. ID at 6-8.

¶5       The administrative judge found, however, that the agency met its burden to show by clear and convincing evidence that it would not have selected the appellant in the absence of her protected activity. ID at 8-16. He found that the agency established that the appellant was not selected because she did not do well in her interview for the position. ID at 14. He also found that the agency showed that neither the interviewers nor the selecting official knew of the appellant's OIG complaint, and these employees were not influenced in their decisions regarding the appellant by C.M. ID at 14-16.

¶6       In her petition for review, the appellant contends that C.M. must have influenced the interviewers' ratings because C.M. was in contact with them on the day of the interview. Petition for Review File, Tab 1.

¶7       Under the WPEA, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Kerrigan v. Department of Labor*, 122 M.S.P.R. 545, ¶ 10 n.2 (2015) (citing 5 U.S.C. §§ 1214(a)(3), 1221(e)(1)). Once an appellant establishes jurisdiction over her IRA appeal, she must prove by preponderant evidence that she made a protected

disclosure and that it was a contributing factor to the personnel action, i.e., make a prima facie case. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). As applicable here, the appellant established jurisdiction over her IRA appeal under the WPEA by making a nonfrivolous allegation that the agency took the personnel action of nonselection in reprisal for her disclosing information to the OIG. 5 U.S.C. § 2302(b)(9)(C). The parties are in agreement that the appellant disclosed information to the OIG. Further, the appellant's nonselection occurred shortly after she contacted the OIG, and one of the agency employees involved in processing the appellant's application knew of her OIG complaint. Based on the foregoing, we agree with the administrative judge that the appellant met her burden to prove her prima facie case.

¶8      When, as here, the appellant establishes a prima facie case, the agency must prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected activity. 5 U.S.C. § 1221(e)(1)-(2); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). In determining whether the agency has carried its burden, the Board will consider all the relevant facts and circumstances, including: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *Grubb v. Department of the Interior*, 96 M.S.P.R. 377, ¶ 15 (2004).

¶9      We agree with the administrative judge that the agency met its burden to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's complaint. As the administrative judge found, the two agency managers who interviewed the appellant for the position provided a detailed explanation as to why the appellant

was not selected. One stated that the appellant's answers during the interview were not strong or detailed enough to support a referral for hire. IAF, Tab 19, Exhibit (Ex.) 9. The other stated that the appellant's responses were incomplete, light on substance, and failed to provide thorough examples describing her professional experience which would better enable her to succeed in the position. *Id*., Ex. 10. Both interviewers noted that the appellant failed to submit her writing sample on time. *Id*., Exs. 9-10. Further, both interviewers stated that they were unaware of the appellant's OIG complaint. *Id*. The appellant's speculative assertion in her petition for review that they must have known because they spoke with C.M. on the day of the interview is unavailing.

¶10    Also, there is no evidence that the interviewers or the selecting official, who also was unaware of the appellant's OIG complaint, were biased against the appellant. Further, there is no evidence that C.M. was biased against the appellant, and, in any event, there is no evidence that she influenced the interviewers or the selecting official, or manipulated the scoring process. Additionally, there were two nonselected applicants who did not file OIG complaints, indicating that other nonwhistleblowers were treated similarly. *See Carr*, 185 F.3d at 1323. Thus, we conclude that the administrative judge properly denied the appellant's request for corrective action.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.